UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER GARZA, on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-00253 |
| WOOD GROUP USA, INC., | § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.  Defendant Wood Group USA, Inc. (hereinafter "Defendant") improperly disguised wage payments to Plaintiff Javier Garza ("Plaintiff") as reimbursed expenses. As a result, the improperly classified expense payments were excluded from the regular rate of pay of the Plaintiff. Thus, he was not paid overtime at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek.

2.  Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Class Members."

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*.

1

4. Venue is proper in this District because the Plaintiff worked in this District, worked overtime hours in this District, and was denied overtime wages at the rate of time and one half his regular rate of pay in this District. That is, the violation of which the Plaintiff complains occurred while he worked in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Javier Garza is an individual residing in Porter, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. Defendant Wood Group USA, Inc. is a Texas corporation. Defendant can be served with process by serving Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas, 78701. Defendant is subject to personal jurisdiction in this District because it is a Texas company which owns property, provides services, operates a business, and employs workers in Texas.

7. The "Class Members" are all workers paid an hourly rate and rig pay at any time during the three year period prior to the filing of this lawsuit to the present.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise in commerce or in the production of goods within the meaning of the FLSA due to the fact that Defendant has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

10. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

11. At all material times, Plaintiff and the Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

12. Defendant is an engineering company that provides services to the oil and gas industry. As its website states, Defendant "ha[s] designed some of the largest structures, serviced thousands of unmanned assets and monitor thousands more. We have extended our support from upstream to mid- and downstream assets, helping our customers get the most from their investments at every stage of the product pipeline." (*See* https://www.woodplc.com/sectors/oil-and-gas, last visited January 22, 2020). Defendant operates across the US, including in Texas, California, Colorado, and New York.

13. Plaintiff worked for Defendant from approximately September 2018 to January 2019 as a welder. As a welder, Plaintiff performed manual labor, welding tasks on oil rigs and other oilfield equipment.

14. Plaintiff was paid an hourly rate of $38 per hour plus "Rig Pay" and a per diem.

15. Plaintiff regular worked more than 40 hours each week. In fact, Plaintiff was scheduled to work approximately 50 hours or more each week.

16. Like Plaintiff, the Class Members were paid an hourly rate plus "Rig Pay" and a per diem.

17. Like Plaintiff, the Class Members performed manual labor tasks on oilfield equipment.

18. Like Plaintiff, the Class Members worked more than 40 hours in a week.

19. Plaintiff and the Class Members were not exempt from overtime.

20. Although the Plaintiff and Class Members were paid on an hourly rate basis, they were not paid overtime at the rate of time and one-half their regular rates of pay for all hours worked over 40 in a week.

21. That is because "Rig Pay" and the per diem payments were not included in their regular rate of pay for purposes of calculating overtime. Defendant illegally classified "Rig Pay" and the per diem payments as expense reimbursements instead of as wages.

22. Thus, the overtime the Plaintiff and the Class Members were paid was less than time and one half their regular rates of pay.

23. "Rig Pay" constitutes wages as a matter of law because the amount paid by Defendant was based upon the number of hours worked. That is, "Rig Pay" was not based upon actual expenses, but was based upon hours worked. In these circumstances, Rig Pay is a wage payment that must be included in the regular rate of pay. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 1041-42 (5th Cir. 2010); *Hanson v. Camin Cargo Control, Inc.*, 2015 WL 1737394, at *5 (S.D. Tex. Apr. 16, 2015).

24. For example, Plaintiff was paid an hourly rate of $38 per hour and Rig Pay of $25 per hour. Plaintiff's true hourly rate of pay was $63 per hour, not $38 per hour. His overtime rate was then $94.50 per hour (1.5 x $63 per hour), which was not paid to him.

25. Additionally, the per diem paid to the Plaintiff and Class Members should have been included in the regular rate of pay. That is because the per diem was substantially greater than the actual or reasonable approximation of the Plaintiff's and Class Members' expenses.

26. In fact, Defendant paid the per diem regardless of whether or not the Plaintiff and Class Members actually incurred travel or work related expenses in a given week.

4

27. Defendant simply paid a per diem of $100 per day. Therefore, the per diem bore no reasonable relationship to actual expenses that were incurred.

28. Defendant disguised this compensation as an expense reimbursement in order to avoid including such compensation in the calculation of the overtime rate. Again, because Defendant failed to include the per diem in the overtime calculation, Defendant has paid the Plaintiff and Class Members at rates less than what the FLSA mandates.

29. Although Plaintiff and the Class Members have been required to work more than 40 hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of 40 per workweek.

30. No exemption under the FLSA applies to Plaintiff.

31. No exemption under the FLSA applies to the Class Members.

32. Defendant's method of paying the Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that the conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA was willful.

## VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

33. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

34. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

35. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or the Plaintiff.

36. The FLSA requires employers to compensate employees for each hour worked over forty (40) at a rate not less than one and one-half times the employee's regular rate of pay. Defendant failed to do so.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's exclusion of Rig Pay and the per diem payments from the regular rate calculation.

38. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work for Defendant.

39. Other hourly paid workers similarly situated to the Plaintiff work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

40. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) by failing to pay overtime at the correct rate to the Class Members.

41. Class Members perform or have performed the same or similar work as Plaintiff and also received a per diem and Rig Pay.

42. Class Members are not exempt from receiving overtime pay under the FLSA.

43. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

44. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

45. The experiences of the Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

46. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

47. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

48. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

49. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Additionally, Defendant's failure to comply with the statue was not in good faith under 29 U.S.C. § 260.

50. This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b). The class is properly defined as follows:

> **All workers paid an hourly rate and rig pay at any time during the three year period prior to the filing of this lawsuit to the present.**

51. Plaintiff brings this case as a collective action to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs that are owed to Plaintiff and the Class Members, as defined above.

52. Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this action through direct mail, text message, and email.

53. Collective treatment is proper in this case because Plaintiff is similarly situated to the employees he seeks to represent. Plaintiff and the Class Members were subject to the same compensation policies. The Plaintiff and Class Members performed the same or similar duties.

## DAMAGES SOUGHT

54. Plaintiff and the Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

55. Plaintiff and the Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

56. Plaintiff and the Class Members are entitled to recover attorney's fees, interest, and costs. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

57. For these reasons, Plaintiff, on behalf of themselves and the Class Members, respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, interest, and expenses of this action as provided by the FLSA;

   d. Pre and post judgment interest; and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
    Don J. Foty
    Dfoty@hftrialfirm.com
    Texas Bar No. 24050022
    4409 Montrose Blvd., Ste. 200
    Houston, Texas 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AND CLASS MEMBERS